UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth Karl Williams,

                Plaintiff,        Case No.15-cv-10344
                                        Hon. Judith E. Levy
v.                                         Mag. Judge Anthony P. Patti

Van Buren Township, et al.,

                Defendants.

_____/

### ORDER DENYING PLAINTIFF'S [2] APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING [1] COMPLAINT WITHOUT PREJUDICE

Michigan state prisoner Kenneth Karl Williams brings this *pro se* civil rights complaint under 42 U.S.C. § 1985. (Dkt. 1, Compl.) Williams alleges that defendants Van Buren Township, Mark Buckberry, Roy Dean Schroeder, John Doe, and Robert Roe conspired to violate his rights under the First, Fourth, Fifth, and Fourteenth Amendments in connection with his 1993 arrest for negligent homicide. Williams seeks compensatory and punitive damages. Before the Court is Williams' application to proceed *in forma pauperis* in this case. (Dkt. 2.) For the reasons stated below, the Court will deny Williams'

application and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

Indigent prisoners may seek to bring a civil action without prepayment of the fees and costs for the action. 28 U.S.C. § 1915(a)(2). A prisoner, however, may be barred from proceeding *in forma pauperis* in a civil action under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). Williams has filed three prior civil rights complaints that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Williams v. Murray,* No. 1:11-cv-12564

(E.D. Mich. Aug. 5, 2011) (imposing three strikes bar and citing previous actions that count as strikes).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013); *see Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002) (holding that imminent danger exception requires that the danger exist at time complaint is filed). Williams' allegations that defendants violated his rights in connection with his 1993 arrest do not fall within the "imminent danger" exception of § 1915(g). He has otherwise alleged no imminent danger existing at the time he filed the complaint in this matter. (*See* Dkt. 1, Compl.)

Accordingly, Williams' application for leave to proceed *in forma pauperis* is DENIED; and

Williams' complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: February 12, 2015  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 12, 2015.

  s/Felicia M. Moses
  FELICIA M. MOSES
  Case Manager